**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4677-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TIMOTHY MURPHY,

    Defendant-Appellant.

_____

          Submitted October 30, 2017 — Decided November 29, 2017

          Before Judges Sabatino and Rose.

          On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 95-09-1004.

          Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

          Thomas K. Isenhour, Acting Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Timothy Murphy appeals from a May 25, 2016 order denying his petition for post-conviction relief ("PCR") following an evidentiary hearing. We affirm.

We incorporate by reference the facts and procedural history set forth in our prior opinions. Briefly, following bifurcated jury trials, defendant was convicted of armed robbery and the offense of certain persons not to have weapons, among other charges. Defendant was sentenced as a persistent offender to an aggregate fifty-year prison term with a twenty-year period of parole ineligibility.

Defendant's conviction and sentence were upheld on direct appeal. State v. Murphy, No. A-2573-98 (App. Div. Jan. 20, 2000). The Supreme Court denied certification. State v. Murphy, 164 N.J. 560 (2000).

Defendant thereafter filed the present PCR petition alleging he had been denied effective assistance of counsel by two successive attorneys who represented him before and then at trial. In essence, defendant alleges his attorneys' performances were deficient by failing to inform defendant he faced an extended-term sentence if he did not plead guilty prior to trial.

The first PCR judge denied defendant's petition without holding an evidentiary hearing. We affirmed that denial in an unpublished opinion. State v. Murphy, No. A-1678-10 (App. Div.

2                                    A-4677-15T2

Oct. 24, 2012). The Supreme Court granted certification and summarily reversed and remanded for a hearing. State v. Murphy, 213 N.J. 533 (2013).

The second PCR judge permitted oral argument, but decided an evidentiary hearing was not required, and denied defendant's PCR petition essentially for the same reasons set forth by the first PCR judge. Defendant appealed. Determining the Court intended the term, "hearing," to mean an "evidentiary hearing" with testimony, we vacated and remanded the matter to the trial court with instructions to complete a testimonial hearing. State v. Murphy, No. A-1960-13 (App. Div. Dec. 18, 2015).

On May 25, 2016, the second PCR judge conducted an evidentiary hearing. Defendant and both of his former attorneys testified at the hearing.

Defendant's first attorney ("pretrial counsel") testified he had been an assistant deputy public defender for approximately nine years when his representation of defendant in this case began in 1995. By that time, he had represented "[h]undreds, probably up to a thousand" clients. Pretrial counsel did not have an independent recollection of his representation of defendant, which occurred more than twenty years prior to his testimony.

During the course of his representation of defendant, pretrial counsel met with defendant four times. One of the

meetings, held at the Monmouth County Jail on a holiday, lasted approximately ninety minutes. Pretrial counsel did not have an independent recollection of the meeting, but testified "it would have been [his] practice" to review the State's plea bargain approval form ("plea form") and the discovery in this matter, which was "not that big," consisting of six pages of police reports, the indictment, and defendant's "rap" sheet. As pretrial counsel explained, "[i]t would have been [his] practice to go over everything."

Specifically, as to the plea form, pretrial counsel was "almost 100 percent positive" he reviewed with defendant the State's offer, that is, a plea of guilty to the first-degree robbery and fourth-degree certain persons offenses. In exchange, the State had recommended an eighteen-year prison term with a six-year period of parole ineligibility, dismissal of the remaining counts, and waiver of an extended term. Pretrial counsel testified further "it would have been [his] practice" to explain to defendant the meaning of the State's offer to "waive [an] extended term." Specifically, if defendant were sentenced to a discretionary extended term as a persistent offender, "his exposure would be between [twenty years] to life."

During the court proceeding the day after receiving the State's plea offer, defendant rejected it. Pretrial counsel

contemporaneously completed a trial memorandum indicating defendant did not accept the State's offer, which was noted as "[eighteen] with a six aggregate" but did not include waiver of the extended term. Shortly thereafter, defendant's file was transferred to another attorney who represented defendant at trial ("trial counsel").

In his file transfer memo, pretrial counsel noted, among other things, "[d]efendant can be very abusive. He rejected all offers. Unfortunately, he has a record and the case is fairly strong against him." Although pretrial counsel did not specifically note that defendant was facing an extended term, counsel "had a concern that [defendant] was looking at some serious time."

Trial counsel testified that he has practiced as a criminal defense attorney since 1971. From 1979 to 1998, he was employed as a public defender, and represented "thousands" of clients. Trial counsel could not recount the number of times he met with defendant, but recalled meeting him at the Monmouth County Jail. Trial counsel was "sure [he] discussed [with the defendant] the plea . . . and sentencing exposure." He was aware defendant was extended term eligible, and would have reviewed the plea offer with defendant even if defendant were adamant he wanted a trial. Trial counsel "always made it [his] practice to explain the plea

[offer] . . . even if [clients] indicated in no uncertain terms they were not going to plead [guilty]."

Trial counsel testified further that even if his client did not want to discuss a plea bargain, counsel would respond, "you're going to hear it from me anyway." Given the strength of the State's case against defendant, trial counsel "probably would have urged him to consider taking a plea." Trial counsel had no specific recollection of informing defendant he was extended-term eligible, "but that would have been something that struck [him] as significant to discuss with an accused."

Defendant testified in his own behalf at the PCR hearing and denied either attorney had advised him he was extended-term eligible. On cross-examination, defendant admitted he did not inform the trial court he first learned he was extended-term eligible on the day of sentencing. Defendant claimed he "didn't want to be belligerent because [he] still needed the mercy of the judge."

Defendant also acknowledged he had informed the trial court, on the first day of trial, he was dissatisfied with trial counsel for his failure to file pretrial motions. Notwithstanding the court's admonishments, defendant interrupted the trial judge to request a postponement of trial and new counsel, which the court denied.

At the conclusion of the evidentiary hearing on May 25, 2016, the PCR court rendered an oral decision denying defendant's petition. This appeal followed.

Defendant argues in a single point:

> THE PCR COURT ERRED IN ITS DETERMINATION THAT THE TESTIMONY PRESENTED AT THE EVIDENTIARY HEARING FAILED TO SUBSTANTIATE A CLAIM OF INEFFECTIVE ASSISTANCE FOR PRETRIAL COUNSEL'S SILENCE ON THE ISSUE OF EXTENDED TERM EL[]IGIBILITY AND TRIAL COUNSEL'S MISADVICE REGARDING DEFENDANT'S PENAL EXPOSURE AT TRIAL.

Our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to [the] PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013); see also State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) ("If a court has conducted an evidentiary hearing on a petition for PCR, we necessarily defer to the trial court's factual findings."). Where an evidentiary hearing has been held, we should not disturb "'the PCR court's findings that are supported by sufficient credible evidence in the record.'" State v. Pierre, 223 N.J. 560, 576 (2015) (quoting Nash, supra, 212 N.J. at 540). We review any legal conclusions of the trial court de novo. Nash, supra, 212

N.J. at 540-41; State v. Harris, 181 N.J. 391, 419 (2004), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005).

"[A] defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012), cert. denied, 568 U.S. 1192, 133 S. Ct. 1454, 185 L. Ed. 2d 361 (2013). A defendant must prove counsel's performance was deficient; it must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

A defendant must also prove counsel's "deficient performance prejudiced the defense." Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. Prejudice is established by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698. Thus, petitioner must establish that counsel's performance was deficient and petitioner suffered prejudice in order to obtain

a reversal of the challenged conviction. Id. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693; Fritz, supra, 105 N.J. at 52.

The PCR court found both defense attorneys credible, while finding defendant was not credible "at all." Referencing defendant's three prior convictions, the court observed that "someone who has been previously convicted of a crime is less likely to honor the oath requiring truthfulness than a person who had never been convicted." The court's consideration of defendant's prior convictions in this manner was proper. See N.J.R.E 609; State v. Sands, 76 N.J. 127, 136 (1978).

Further, the PCR court cited its opportunity to observe defendant in response to the prosecutor's questioning regarding his capacity to express dissatisfaction with trial counsel when it suited him. Specifically, the PCR court juxtaposed defendant's on-the-record complaint to the court that trial counsel failed to file pretrial motions, with defendant's silence when he allegedly learned he was extended-term eligible. The PCR court also rejected defendant's rationale, that he did not want to appear belligerent by raising the extended-term issue, concluding "[a]nd it became abundantly clear to me at that point that [defendant] will say whatever he needs to say to put forth his position."

Moreover, the PCR court accepted both counsels' "general practice" of advising defendant he was extended-term eligible,

finding this practice was more credible than defendant's denial. N.J.R.E. 406(a) supports the PCR court's findings that both counsel "acted in conformity with [their] habit or routine practice." Id. Thus, the PCR court properly considered counsels' testimony about their routine practices in dealing with clients in determining their credibility.

We see no reason to disturb the PCR court's factual and credibility findings. Those findings are entitled to our deference. State v. Robinson, 200 N.J. 1, 15 (2009).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4677-15T2